# CHARLESTON.

JOHN C. PRICE *et al.* v. GEORGE C. STURGISS *et al.*

Submitted March 6, 1918.   Decided April 23, 1918.

PROHIBITION—*Successive Rules.*

> Where two successive rules in prohibition are awarded upon the petitions of the same commissioners and members of the county court of the county against the judge of the circuit court to show cause why he should not be prohibited from presiding at the trial of petitioners upon charges preferred against them for incompetence and neglect of official statutory duties, and the first rule is discharged by an order based upon the condition, to which respondent voluntarily consented and in which he joined, ''that in view of the feeling developed in the case he does not desire to hear and determine the charges * * * and that some other judge will be selected to hear and determine said charges, who is properly qualified,'' the second rule awarded for the same purpose will be made absolute upon the petition of the same parties upon the threat of the respondent to disregard the adjudication to which he so consented and by which he agreed to be bound and controlled, the relative circumstances and conditions and the situation of the parties remaining unchanged and unaltered by anything that has occurred in the meantime.

Original prohibition by John C. Price and others, Commissioners and Members of the County Court of Monongalia County, against George C. Sturgiss, Judge of Circuit Court, and others.

*Writ of prohibition awarded.*

*Chas. A. Goodwin, Lazzelle & Stewart,* and *Glasscock & Glasscock,* for petitioners.

*George C. Sturgiss,* in pro. per.

LYNCH, JUDGE:

This proceeding is before us upon a second petition by John C. Price and others, commissioners and members of the county court of Monongalia County, and a second rule prayed for and granted to prohibit the Hon. George C. Sturgiss, Judge of the circuit court of the county, from presiding at the trial of the petitioners to determine their guilt or in-

nocence upon charges preferred against them for alleged of-
ficial misconduct, incompetence and neglect of duty.    On
November 6, 1917, when the case made out upon the first pe-
tition and rule was about to be argued and submitted upon
pleadings and proof, the parties then present in person and
by counsel, including the respondent, and others not present
except by counsel, agreed upon an order which was entered
of record in this court on that day as follows: ''This day
came the parties, by counsel, and tendered and filed the fol-
lowing order and asked that the same be entered of record
in this case; 'This day came the parties to the above styled
proceeding, both plaintiff and defendant by their respective
counsel, and by consent of the Court each party is permitted
to withdraw from the files of the proceedings all of the af-
fidavits filed by said party, and the respondent, George C.
Sturgiss, Judge, now stating that in view of the feeling de-
veloped in the case he does not desire to hear and determine
the charges preferred against the petitioners by Lot L.
Thomas and others, members of the Grand Jury of Monon-
galia County at the October Term of the Circuit Court of
said county, 1917, and that some other judge will be selected
to hear and determine said charges, who is properly quali-
fied; it is ordered that said respondent, George C. Sturgiss,
do call in some circuit judge from another circuit to hear and
determine said charges, as required by law.' * * * It is there-
fore considered, in pursuance of the foregoing order, entered
by consent, that this case be and the same hereby is dis-
missed from the docket of this Court upon the conditions set
forth in the foregoing order.''

    Summarized, the charges against petitioners as members of
the county court of Monongalia County in their official ca-
pacity preferred by Thomas and other members of the grand
jury empaneled and acting at the October term, 1917, of the
circuit court of Monongalia County are: first, sales by the
county court to Manning Stiles at an inadequate price of the
first mortgage bonds of the Morgantown and Wheeling Rail-
way Company held by the county court in trust for the use
and benefit of Morgan and Clay districts of that county,
through which the railroad is projected and in part con-

structed, without notice to the citizens and taxpayers of the two districts, the beneficiaries of the trust, and to any other person, except the purchaser, of an intention on the part of the county court to sell the bonds so held in trust for the use and benefit of these districts. Wherefore, and upon this phase of the accusation, the nine grand jurors charge the members of the county court with ''unlawful, illegal and gross neglect of official duty, official misconduct and incompetence'' and that they thereby ''did inflict and impose upon the taxpayers of'' each of the two districts a total loss of several thousand dollars. Besides the loss of rents chargeable to the Morgantown and Wheeling Railway Company for the use of the county bridge of Monongalia County at Morgantown under a contract with the county court of the county, the only other charge so preferred is: ''We the jurors do further present and charge that the aforesaid commissioners and members of the county court of Monongalia County did have full knowledge and that there was necessity of making further, better, safer, more sanitary, more secure provisions in and about the jail of said county for safely securing and providing sanitary conditions for the prisoners that had at all times been confined in said Jail and thereby were guilty of neglect of their official duty and were guilty of official misconduct therein and thereby and incompetent for proper discharge of their official duties.''

These are the precise charges which Judge Sturgiss agreed not to hear and determine, an agreement clearly and distinctly avowed in the order which we have already referred to and quoted at length; and, excepting the sale of the railroad bonds held in trust by the county court for the use of Morgan and Clay districts to Stiles, and rent for the use of the county bridge, they are the same charges that he now proposes to hear and determine in disregard of his solemn promise and avowal entered of record after due reflection and mature deliberation on his part, acting upon competent legal advise. If disqualified, as in the order he virtually concedes himself to be, to hear the charges involved upon the former rule, discharged only upon his voluntary concurrence in the facts adjudicated by the order, he must now necessarily be adjudged

to be disqualified to preside at the trial to be had upon the same charges.  Nothing has occurred in the meantime to remove the confessed judicial disability to sit in judgment at the trial of the petitioners, and adjudicate and determine whether they be guilty or not guilty of neglecting the due performance of their official duties as members of the county court, or whether they possess that degree of competence which qualifies them to act in that capacity.

It may be said, indeed justly said, that more convincing reasons exist now for the award of a peremptory prohibitive writ against his sitting in judgment upon the acts of the accused or their failure to act than existed when he confessed his disqualification upon the former rule.  His motives and interests remain the same, if not intensified in the interim. He has virtually avowed his intention to disregard his voluntary action and not to be bound by the order to which he solemnly assented.  But the judge of a court, when a party to a suit or proceeding, is concluded to the same extent and with like effect by a consent order as any other litigant; and while many other reasons for the award of the writ are assigned and argued, some of which may and others may not be sufficient, what has been said leads us to the conclusion that the writ should go, and it is awarded.

*Writ of prohibition awarded.*